**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CRIMINAL ACTION NO. 1:05-CR-48-M**

**UNITED STATES OF AMERICA**                                                                            **PLAINTIFF**

**VS.**

**CYRUS JEFFREY BLAND**                                                                                    **DEFENDANT**

**JURY INSTRUCTIONS**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

**I. GENERAL RULES CONCERNING JURY DUTIES**

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return



-- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The defendant is presumed innocent. The presumption of innocence remains with him unless the government presents evidence that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty. The defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, then say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

You must remember that the indictment is not evidence of any guilt. It is simply the formal way the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt and you may not consider it as such. Furthermore, the following things are not evidence and you may not consider them in deciding what the facts are:

1) Arguments and statements by lawyers are not evidence;

2) Questions and objections by lawyers are not evidence;

3) Testimony I have instructed you to disregard is not evidence; and,

4) Anything you may have seen or heard when the Court was not in session is not evidence.

## STATE OF MIND

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct

proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

All of these are matters for you to consider in deciding the facts.

## OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons described as experts. Persons who, by education and experience, have become experts in some field may state their opinion on matters in that field and may also state their reasons for the opinion.

Expert opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## SEPARATE CONSIDERATION OF CHARGES

The defendant has been charged with more than one crime. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## TESTIMONY OF DEFENDANT

You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony. You should consider those same things in evaluating the defendant's testimony.

I will now explain the elements of the crime that the Defendant is accused of committing.

## II. RULES OF LAW

## INSTRUCTION NO. 1

### Counts 1 and 2 – Filing a False Statement on an Income Tax Return

Count 1 of the Indictment charges that, on or about the day of October 15, 1999 in the Western District of Kentucky, the Defendant, Cyrus Jeffrey Bland, did file a false income tax return in violation of 26 U.S.C. § 7206(1). Count 2 of the Indictment charges that, on or about the day of October 11, 2000 in the Western District of Kentucky, the Defendant, Cyrus Jeffrey Bland, did file a false income tax return in violation of 26 U.S.C. § 7206(1). 26 U.S.C. § 7206(1) makes it a crime for anyone willfully to make a false statement on an income tax return. In order for the defendant to be found guilty of either of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant signed an income tax return that contained a written declaration that it was made under the penalties of perjury;

Second, the return contained a false statement in that the defendant did not report income gained from gambling;

Third, the defendant knew the statement was false;

Fourth, the defendant acted willfully, that is, with the voluntary and specific intent to violate a known legal duty; and

Fifth, the statement was material.

A statement is "material" under this law if it concerned a matter necessary to the correct computation of taxes owed and was capable of influencing the decision of the Internal Revenue Service.

Acts are done "willfully" if done deliberately, voluntarily, and intentionally. Acts done as a result of accident, negligence, or inadvertence are not done "willfully."

You are instructed that in proving that the defendant violated Section 7206(1), the government does not have to prove that there was a tax due and owing for the years in issue. Whether the government has or has not suffered a pecuniary or monetary loss as a result of the alleged return is not an element of Section 7206(1).

## INSTRUCTION NO. 2

### Good Faith

The good faith of the defendant is a complete defense to the two counts of the indictment because good faith on the part of the defendant is simply inconsistent with the existence of willfulness, which is an element of these charges.

A person who acts on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct. This is so even if the defendant's belief was not objectively reasonable, as long as the defendant held the belief in good faith, although you may consider the reasonableness of the defendant's belief together with all the other evidence in this case in determining whether the defendant held the belief in good faith.

In addition, a defendant would not be "willfully" doing wrong if, before taking any action with regard to the alleged offenses, the defendant consulted in good faith with an accountant whom the defendant considered competent, made a full and accurate report to that accountant of all material facts of which the defendant had the means of knowledge, and then acted strictly in accordance with the advice given by that accountant. Whether the defendant acted in good faith for seeking advice concerning questions about which the defendant was in doubt, and whether the defendant made a full and complete report to the accountant, and whether the defendant acted strictly in accordance with the advice received, are all questions for you to determine.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted willfully.

If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted willfully or in good faith, you must acquit the defendant.

# INSTRUCTION NO. 3

## Reporting Gambling Winnings

The law requires gambling winnings to be reported as income on a yearly income tax return. Gambling losses incurred during the same tax year may be deducted but only to the extent of any gambling winnings. The taxpayer may not carryover losses from one year to another.

## INSTRUCTION NO. 4

### Summary Exhibits

Certain exhibits variously referred to as schedules or summaries have been admitted into evidence. Strictly speaking, these exhibits are not actual evidence, but are admitted as summaries of other evidence in the case and are admitted only for your assistance and convenience in considering other evidence which they purport to summarize.

In other words, the summaries are used only as a matter of convenience. These summaries have no independent value, and you should consider them only insofar as you have concluded that they accurately reflect the documents and testimony introduced into evidence. If you find that the summaries do not accurately reflect the evidence in this case, you should disregard them entirely.

# INSTRUCTION NO. 5

If you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.

### III. JURY DELIBERATIONS

I come now to the last part of the instructions, the rules for your deliberations.

### UNANIMOUS VERDICT

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court. Your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

### REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you

think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## RETURN OF VERDICT FORM

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.